# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY ACHEY, MARILYN ACHEY, JUSTIN ANDERSON, GREGORY BURLAK, CARLA CHIORAZZO, JUDITH CHIORAZZO, ADAM DEMARCO, DEAN ESPOSITO, JAMES FISHER, ALLISON GILLINGHAM, LORRAINE GILLINGHAM, DONNA HARTMAN, PATRICIA JUSTICE, DAVID KELLY, CHRISTINA MANFREDO, ALEXANDER NAVARRA, JUDITH OELENSCHLAGER, JAMES PRATE, MICHAEL SCHEUFELE, RUSSELL SEWEKOW, DEBORAH STROYEK, LINDA TEER, and BRENDA TRIPICCHIO, on behalf of themselves and all others similarly situated,<br><br>                     Plaintiffs,<br><br>vs.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS and VERIZON COMMUNICATIONS INC.,<br><br>                     Defendants. | Civil Action No.<br><br><br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[Diversity Jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, 1453] |

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Verizon Wireless and Verizon Communications, Inc. ("Verizon") hereby give notice of removal of this action, *Achey et al., v. Cellco Partnership d/b/a Verizon Wireless et al.*, docket number MID-L-000160-22, from the Superior Court of New Jersey, Middlesex County, to the United States District Court for the District of New Jersey. Pursuant to 28 U.S.C. § 1446(a), Verizon provides the following statement of the grounds for removal:

## STATEMENT OF THE CASE

1. Verizon provides telephone plans to its wireless services customers, expressly disclosing that monthly charges for these services include taxes and fees. One of these fees is Verizon's "Administrative Charge" ($1.95 per phone line), which helps defray expenses that include payments to local telephone companies; fees and assessments on Verizon network facilities and services; property taxes; and costs Verizon incurs responding to regulatory obligations.

2. Plaintiffs take issue with the Administrative Charge and filed a class action that asserts four causes of action: (i) violation of the New Jersey Consumer Fraud Act; (ii) violation of the New Jersey Truth in Consumer Contract Warranty and Notice Act; (iii) breach of the implied covenant of good faith and fair dealing; and (iv) violation of the New Jersey Uniform Declaratory Judgments Act. *See*

*generally* Class Action Complaint, Declaration of Shon Morgan ("Morgan Decl.") ¶ 2, Ex. 1.

3. Plaintiffs seek to certify a statewide class of "New Jersey citizens who currently subscribe or formerly subscribed to a post-paid wireless service plan from Verizon and were charged and paid what Verizon labeled an "Administrative Charge" within the applicable statutes of limitations." *Id.* at ¶ 114.

4. On behalf of themselves and the purported class, plaintiffs seek: (a) declaratory relief; (b) injunctive relief; (c) damages, including treble damages under the Consumer Fraud Act; (d) a $100 per person statutory penalty under the Truth in Consumer Contract, Warranty and Notice Act; (e) attorneys' fees, costs, and pre-judgment and post-judgment interest; and (f) such other and further relief as the Court may deem just and appropriate. *Id.* at 51-52.

5. A summons and the Class Action Complaint were served on Verizon on January 18, 2022. Morgan Decl. ¶ 3, Ex. 2 at 1. The Complaint is removable on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b).

6. Defendants satisfy all procedural requirements, including those of 28 U.S.C. § 1446 and hereby removes this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## VENUE AND JURISDICTION

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 110, 1391, 1441(a), and 1446(a) because the Superior Court of New Jersey, Middlesex County, is a state court within the District of New Jersey.

8. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (1) there is minimal diversity between the parties; (2) there are at least 100 class members; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

## GROUNDS FOR REMOVAL

### I. THE REQUIREMENTS FOR REMOVAL UNDER DIVERSITY JURISDICTION ARE SATISFIED

9. CAFA fundamentally changed the legal standards governing removal jurisdiction for class actions. "CAFA gives federal courts jurisdiction over certain class actions . . . if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014). Congress explicitly stated that CAFA's "provisions should be read broadly, with a strong preference that interstate actions should be heard in a federal court," because state courts were not adequately protecting defendants against class action abuses. S. Rep. No. 109-14, at 43 (2005). Rather than emphasizing a strict constructionist view of the

statute against removal jurisdiction, Congress instructed district courts to "err in favor of exercising jurisdiction." *Id.* at 42-43; *see also Dart Cherokee*, 574 U.S. at 89 ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court") (citation omitted).

10. Evidentiary proof that these requirements are met need not be submitted with the notice of removal. The notice is sufficient if it constitutes a "short and plain statement of the grounds for removal." *Dart Cherokee*, 574 U.S. at 87. In a notice for removal, the court "should accept a defendant's allegations unless they are contested by the plaintiff or questioned by the Court." *Grace v. T.G.I. Fridays*, 2015 WL 4523639, at *3 (D.N.J. July 27, 2015) (citing *Dart Cherokee*, 574 U.S. at 87).

11. As shown below, this action satisfies the requirements for diversity jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2).

12. ***Class Action.*** This lawsuit is a class action as defined by 28 U.S.C. § 1332(d)(1)(B). CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* Plaintiffs style their complaint a "Class Action" and allege they bring it "on behalf of themselves and all others similarly situated."

4

Morgan Decl. ¶ 2, Ex. 1. Plaintiffs' putative class consists of "New Jersey citizens who … were charged and paid what Verizon labeled an 'Administrative Charge' …." *Id.* at ¶ 114.

13. ***Diversity of Citizenship.*** Unlike traditional diversity jurisdiction, which requires complete diversity of citizenship between the parties, CAFA requires only *minimal diversity*. 28 U.S.C. § 1332(d)(2)(A). This requirement is met where at least one member of the putative class is a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d)(2)(A); *Portillo v. Nat'l Freight*, 169 F.Supp.3d 585, 592 (D.N.J. 2016). At the time this lawsuit was filed and as of the date of this notice, Verizon Communications, Inc. was and is a Delaware corporation with its principal place of business in New York.[1] At the time of the filing of this action and as of the date of this notice, named plaintiff Jeffrey Achey, like every other class member, was and is a resident and citizen of New Jersey. Compl. at ¶¶ 14-40. Because at least one defendant is domiciled in a state other than New Jersey, the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is met.

---

[1] Verizon Communications, Inc. is headquartered in New York, NY at 1095 Avenue of the Americas. *See* Morgan Decl. ¶ 9, Ex. 7. Although plaintiffs correctly identify New Jersey as the principal place of business for Verizon Wireless, they mistakenly allege that Verizon Communications, Inc. likewise has its principal place of business in New Jersey. *See* Morgan Decl. ¶ 2, Ex. 1 at ¶ 41-42. Verizon Communications Inc. is a Delaware corporation. But the diversity requirement is satisfied regardless of whether Verizon Communications Inc. is a Delaware or New York corporation.

14. **Amount in Controversy.** Under CAFA, jurisdiction exists when the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. 81. The amount in controversy is calculated by aggregating the claims of all putative class members, including attorneys' fees. *See Kasher Law Group, LLC v. Ciox Health, LLC*, 2018 WL 4215004, at *3 (D.N.J. Sept. 5, 2018); *Grace v. T.G.I. Fridays, Inc.*, 2015 WL 4523639, at *8 (D.N.J. July 27, 2015). In *Grace*, the court found that the $5,000,000 threshold was reached after accounting for treble damages, punitive damages, and attorneys' fees. *Grace*, 2015 WL 4523639, at *8. In *Kasher*, the defendant highlighted allegations in the plaintiff's complaint regarding potential damages and attorneys' fees, which was "sufficient to establish a *prima facie* basis for subject matter jurisdiction under CAFA at the time of removal." *Kasher Law Group, LLC*, 2018 WL 4215004, at *3.

Here, the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, satisfying the amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2). The Complaint seeks relief that includes:

      (a)    Declaratory relief;

      (b)    Injunctive relief;

      (c)    Statutory damages;

      (d)    Constructive trust;

      (e)    Treble damages;

      (f)    Exemplary damages;

      (g)    Attorneys' fees, costs, and interest.

*See* Morgan Decl. ¶ 2, Ex. 1 at 51-52.

15.    Plaintiffs assert four causes of action for (i) violation of the New Jersey Consumer Fraud Act; (ii) violation of the New Jersey Truth in Consumer Contract Warranty and Notice Act; (iii) breach of the implied covenant of good faith and fair dealing; and (iv) violation of the New Jersey Uniform Declaratory Judgments Act. *Id.* at ¶¶ 125-175.

16.    Plaintiffs seek at least $100 in statutory damages per person under the Truth in Consumer Contract, Warranty and Notice Act. *Id.* at ¶ 160. Plaintiffs also allege that "upon information and belief, there are at least one million Class members." *Id.* at ¶ 118. Even taking a conservative approach and assuming there are only *one tenth* the number of class members plaintiffs allege, the amount in controversy would far exceed the requisite $5 million jurisdictional threshold.

17. In addition, plaintiffs' complaint seeks recovery of treble damages and attorneys' fees. Morgan Decl. ¶ 2, Ex. 1 at 51. Although defendants do not concede either type of relief would be recoverable under the claims pleaded, both treble damages and attorneys' fees can be properly considered for purposes of determining CAFA jurisdiction. And plaintiffs seek "reasonable attorneys' fees," which, for the purposes of this analysis, can be assumed to be as much as thirty percent of the judgment. *See, e.g., Frederico v. Home Depot*, 507 F.3d 188, 195 (3d Cir. 2007) (using attorneys' fees of thirty percent when calculating whether amount of controversy is over $5,000,000 for analysis of removal under CAFA). Accordingly, a conservative estimate of the alleged actual damages of plaintiffs and the putative class, other compensatory features of the relevant statutes, and attorneys' fees leads to an aggregated total of damages and fees that meets the $5,000,000 threshold required for removal. Inclusion of treble damages would further push the amount in controversy beyond the $5 million threshold, as would an award of attorneys' fees.[2]

---

[2] Of course, Verizon denies that a class is the proper vehicle for plaintiffs' claims, that these calculations are relevant to the amount of actual damages, or that Verizon is liable for any such claims. However, when measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Reiff v. Convergent Techs.*, 1995 WL 619944, at *3 (D.N.J. Oct. 20, 1995) ("As no specific request for damages is made by the plaintiffs, the court must make a 'reasonable reading of the value of the rights being litigated' and determine if a jury could value the plaintiffs' losses at more than $50,000.") (quoting *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

18. ***Number of Proposed Class Members.*** The putative class exceeds 100 members, by plaintiffs' own admission: "there are at least one million Class members." *See* Morgan Decl. ¶ 2, Ex. 1 at ¶ 118.

19. ***Timeliness.*** This removal notice is timely, as required by 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint); *see also* Fed. R. Civ. P. 6(a)(1)(C). Defendants were served with a summons and the complaint on January 18, 2022 and is filing this notice within thirty days of being served. *See* Morgan Decl. ¶ 3, Ex. 2.

20. ***Venue.*** The United States District Court for the District of New Jersey is a federal judicial district embracing the Superior Court of New Jersey in Middlesex County, where plaintiff originally filed this suit. Venue is therefore proper under 28 U.S.C. § 1441.

21. ***No Exceptions Apply.*** The exceptions to removal under 28 U.S.C. §§ 1332(d) and 1446 do not apply here.

## II.   THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

22. Verizon has also complied with 28 U.S.C. §§ 1446(a) and (d). Under 28 U.S.C. §§ 1446(a), a true and correct copy of all of the process, pleadings, or orders on file in the state court and served on Verizon in the state court are

attached to the Morgan Declaration, filed concurrently. Morgan Decl. ¶¶ 2-7, Exs. 1-5. Pursuant to 28 U.S.C. §§ 1446(d), a notice of filing of removal, with a copy of this notice of removal attached thereto, will be promptly filed with the clerk of the Superior Court of New Jersey in Middlesex County, Case No. MID-L-000160-22. In addition, Verizon is serving a notice of filing of removal, with a copy of the notice of removal attached thereto, on plaintiffs' attorneys. A copy of the notice and the certificate of service of the notice to plaintiffs are attached to the Morgan Declaration. Morgan Decl. ¶ 8, Ex. 6. (A copy of this notice is not attached for the Court's convenience. Verizon will provide it upon request.)

23. No previous application has been made for the relief requested herein.

24. This notice has been signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## **CONCLUSION**

By this notice, Verizon does not waive any objections as to improper service, jurisdiction, or venue, or any other defenses or objections to this action. Verizon intends no admission of fact, law, or liability by this notice, and instead reserves all defenses, motions, and pleas. Verizon prays that this action be removed to this Court for determination; that all further proceedings in the state court be stayed; and that Verizon obtain all additional relief to which it is entitled.

DATED:  February 10, 2022             Respectfully submitted,

By */s/ Michael C. Zogby*
Michael C. Zogby
FAEGRE DRINKER BIDDLE
& REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Phone: (973) 549-7209
Email: Michael.zogby@faegredrinker.com

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Crystal Nix-Hines
(*pro hac vice* forthcoming)
Shon Morgan
(*pro hac vice* forthcoming)
Marina E. Lev
(*pro hac vice* forthcoming)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone:  (213) 443-3000
crystalnixhines@quinnemanuel.com
shonmorgan@quinnemanuel.com
marinalev@quinnemanuel.com

*Attorneys for Defendants CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS and VERIZON COMMUNICATIONS INC.*

## CERTIFICATE OF SERVICE

The foregoing submission has been electronically filed with the Court on this 10th day of February, 2022. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

By: Michael C. Zogby
Michael C. Zogby
FAEGRE DRINKER BIDDLE
& REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Phone: (973) 549-7209
Email: Michael.zogby@faegredrinker.com
